Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Supercell Oy*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERCELL OY, | **25-CV-2731 (VSB)** |
| *Plaintiff* | |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| WWW.CLASHOFCLANSMERCH.COM, | |
| *Defendant* | |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Supercell** | Supercell Oy |
| **Defendant** | www.clashofclansmerch.com |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **NameCheap** | NameCheap, Inc., with an address of 600 E Washington St Ste 305, Phoenix, Arizona, 85034, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.namecheap.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Ignatius Dec.** | Declaration of Markku Ignatius in Support of Plaintiff's Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application |
| **Supercell Mark** | The mark covered by the U.S. Trademark Registration No. 4,911,561 for "SUPERCELL" for goods and services in classes 9, 16, 18, 20, 21, 25, 26 and 28 |
| **Supercell Brand** | The leading global game development company known for its design and development of engaging multiplayer and social games, including, but not limited to: Brawl Stars, Clash of Clans, Hay Day, Boom Beach and Clash Royale |
| **Clash of Clans Game** | A mobile game where users, nicknamed "Barbarians," can customize villages, build armies and crush opponents, while simultaneously finding community through other players |

| **Clash of Clans Marks** | The marks covered by the U.S. Trademark Registration Nos. listed in Exhibit B to the Complaint |
|---|---|
| **Clash of Clans Works** | The works covered by the U.S. Copyright registrations listed in Exhibit C to the Complaint |
| **Clash of Clans IP** | Clash of Clans Marks and Clash of Clans Works |
| **Clash of Clans Products** | A variety of products featuring characters from the Clash of Clans Game using and/or sold in connection with the Clash of Clans Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys |
| **Brawl Stars Game** | A multiplayer game that allows users to pick characters with special abilities, called "Brawlers," to battle against other players using a combination of strategy and teamwork |
| **Brawl Stars Marks** | The marks covered by the U.S. Trademark Registrations listed in Exhibit D to the Complaint |
| **Brawl Stars Works** | The works covered by the U.S. Copyright registrations listed in Exhibit E to the Complaint |
| **Brawl Stars IP** | Brawl Stars Marks and Brawl Stars Works |
| **Brawl Stars Products** | A variety of products featuring characters from the Brawl Stars Game using and/or sold in connection with the Brawl Stars Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys |
| **Supercell IP** | The Supercell Mark, Clash of Clans IP and Brawl Stars IP |
| **Counterfeit Products** | Products bearing or used in connection with the Supercell IP and/or products in packaging and/or containing labels and/or hang tags bearing the Supercell IP, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Supercell IP and/or products that are identical or confusingly or substantially similar to the Clash of Clans Products and/or Brawl Stars Products |
| **Defendant's Website** | Any and all fully interactive website held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that it operates to communicate with consumers regarding its Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendant's website located at www.clashofclansmerch.com along with the domain name associated therewith |
| **Infringing Domain Name** | www.clashofclansmerch.com |

| | |
|---|---|
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's Website (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Apple Inc. payment services (e.g. Apple Pay) and Visa Inc. ("Visa") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's Counterfeit Products and and/or Defendant's Website, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts, such as Cloudflare, Inc. ("Cloudflare"), domain name registrars, such as NameCheap, Inc. ("NameCheap") and domain name registries |

WHEREAS, Plaintiff moved *ex parte* on April 2, 2025 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Website and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 16, 2025 (the "TRO"), which ordered Defendant to appear on May 30, 2025 at 2:00 p.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on May 21, 2025, Plaintiff wrote a letter to the Court requesting modification and extension of the TRO;

WHEREAS, on May 22, 2025, the Court granted Plaintiff's request which, inter alia, adjourned the Show Cause Hearing to June 12, 2025 at 11:00 a.m. ("May 22, 2025 Order");

WHEREAS, on June 5, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the May 22, 2025 Order on Defendant's email addresses heworld38@gmail.com, payment.info@onesanfordpoe24.com and doquocchung95@gmail.com. However, Plaintiff was unable to serve Defendant's email address contact@clashofclansmerch.com;

WHEREAS, on June 12, 2025 at 11:00 a.m., Plaintiff appeared at the Show Cause Hearing. Defendant did not appear.  However, Plaintiff represented that it has made contact with Defendant to discuss a potential settlement of this case.  Plaintiff represented that Defendant did not indicate any intent to appear at the June 12, 2025 show-cause hearing or to otherwise appear in this action.

1

## **PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

A.      Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial.

B.      As a result of Defendant's infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

a.  Defendant has offered for sale and sold substandard Counterfeit Products that infringe the Supercell IP; and

b.  Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Clash of Clans Products and Brawl Stars Products.

C.      The balance of potential harm to Defendant of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Supercell IP and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D.      Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Supercell IP, and to protect the public from being deceived and defrauded by Defendant's passing off of its substandard Counterfeit Products as Clash of Clans and/or Brawl Stars Products.

## **ORDER**

1. Plaintiff is entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

       i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Supercell IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Supercell IP;

       ii. directly or indirectly infringing in any manner Plaintiff's Supercell IP;

       iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Supercell IP, to identify any goods or service not authorized by Plaintiff;

       iv. using Plaintiff's Supercell IP and/or any other marks that are confusingly similar to the Supercell Mark, Clash of Clans Marks and/or Brawl Stars Marks and/or any other artwork that is substantially similar to the Clash of Clans Works and/or Brawl Stars Works, on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiff;

vi.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii.   linking, transferring, selling and/or operating Defendant's Website;

ix.   registering, trafficking in or using any domain names that incorporate any of Plaintiff's Supercell IP, or any colorable imitation thereof, including the Infringing Domain Name; and

x.   knowingly instructing any other person or business entity to engage in any of

the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's Assets and Defendant's Financial Accounts; and

    iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) below.

c) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further

order of the Court:

    i. within five (5) days after receipt of service of this Order, providing services to Defendant, including, without limitation, those relating to the continued operation of Defendant's Website;

    ii. permitting the transfer, sale and/or assignment of Defendant's Website; and

    iii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of service of this Order, any newly discovered Financial Institutions shall locate and attach Defendant's Financial Accounts, provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant and Defendant's Website, including contact information for Defendant (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant who is served with this

Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

b)  Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c)  Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

    i.  account numbers;

    ii.  current account balances;

    iii.  any and all identifying information for Defendant and/or Defendant's Website, including names, addresses and contact information;

    iv.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    v.  any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify

7

the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.  any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Website, including, but not limited to, documents and records relating to:

i.  account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendant has ever had and/or currently maintain with the Third Party Service Providers;

ii.  the identities, location and contact information, including any and all e-mail addresses of Defendant;

iii.  the nature of Defendant's business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Website, a full accounting of Defendant's sales history and listing history under Defendant's Website and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Website; and

iv.  Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Supercell IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Supercell IP.

4.  As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

a)  delivery of: (i) PDF copies of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download PDF copies of this Order to Defendant's e-mail addresses, contact@clashofclansmerch.com, heworld38@gmail.com and payment.info@onesanfordpoe24.com.

5.  As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at Third Party Requests at thirdpartyrequests@payoneer.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameCheap, Inc. will be able to download a PDF copy of this Order via electronic mail to Legal@namecheap.com;

f) delivery of: delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

h) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com; and

i) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com.

6. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendant, Third Party Service

10

Providers and Financial Institutions through the pendency of this action.

7. Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by Defendant or anyone in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court

11. Plaintiff is ordered to serve a copy of this Order on Defendant, including to the various email addresses associated with Defendant.

12. The parties are ordered to file a status report of this case on or before August 11, 2025.


SO ORDERED.

Dated: June 12, 2025
        New York, New York

Vernon S. Broderick
United States District Judge