Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Supercell Oy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERCELL OY,<br><br>*Plaintiff*<br><br>v.<br><br>WWW.CLASHOFCLANSMERCH.COM,<br><br>*Defendant* | **CIVIL ACTION NO.**<br>**25-cv-2731 (VSB)**<br><br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Supercell** | Supercell Oy | N/A |
| **Defendant or Defaulting Defendant** | www.clashofclansmerch.com | N/A |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network | N/A |
| **NameCheap** | NameCheap, Inc., with an address of 600 E Washington St Ste 305, Phoenix, Arizona, 85034, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.namecheap.com, that allows consumers to register domain names and create websites | N/A |
| **Sealing Order** | Order to Seal File entered on April 2, 2025 | 1 |
| **Complaint** | Plaintiff's Complaint filed on April 2, 2025 | 8 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery filed on April 2, 2025 | 12-13,16-17 |
| **Ignatius Dec.** | Declaration of Markku Ignatius in Support of Plaintiff's Application | 17 |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application | 16 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Defendant's Website and Defendant's Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 16, 2025 | 18 |
| **PI Show Cause Hearing** | June 12, 2025 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | Preliminary Injunction Order entered on June 12, 2015 | 20 |

| | | |
|---|---|---|
| **Supercell Mark** | The mark covered by the U.S. Trademark Registration No. 4,911,561 for "SUPERCELL" for goods and services in classes 9, 16, 18, 20, 21, 25, 26 and 28 | N/A |
| **Supercell Brand** | The leading global game development company known for its design and development of engaging multiplayer and social games, including, but not limited to: Brawl Stars, Clash of Clans, Hay Day, Boom Beach and Clash Royale | N/A |
| **Clash of Clans Game** | A mobile game where users, nicknamed "Barbarians," can customize villages, build armies and crush opponents, while simultaneously finding community through other players | N/A |
| **Clash of Clans Marks** | The marks covered by the U.S. Trademark Registration Nos. listed in Exhibit B to the Complaint | N/A |
| **Clash of Clans Works** | The works covered by the U.S. Copyright registrations listed in Exhibit C to the Complaint | N/A |
| **Clash of Clans IP** | Clash of Clans Marks and Clash of Clans Works | N/A |
| **Clash of Clans Products** | A variety of products featuring characters from the Clash of Clans Game using and/or sold in connection with the Clash of Clans Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys | N/A |
| **Brawl Stars Game** | A multiplayer game that allows users to pick characters with special abilities, called "Brawlers," to battle against other players using a combination of strategy and teamwork | N/A |
| **Brawl Stars Marks** | The marks covered by the U.S. Trademark Registrations listed in Exhibit D to the Complaint | N/A |
| **Brawl Stars Works** | The works covered by the U.S. Copyright registrations listed in Exhibit E to the Complaint | |
| **Brawl Stars IP** | Brawl Stars Marks and Brawl Stars Works | N/A |
| **Brawl Stars Products** | A variety of products featuring characters from the Brawl Stars Game using and/or sold in connection with the Brawl Stars Marks, including, but not limited to, apparel, keychains, stationery, accessories, backpacks, and plush toys | N/A |
| **Supercell IP** | The Supercell Mark, Clash of Clans IP and Brawl Stars IP | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Supercell IP and/or products in packaging and/or containing labels and/or hang tags bearing the Supercell IP, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Supercell IP and/or products that are | N/A |

ii

| | identical or confusingly or substantially similar to the Clash of Clans Products and/or Brawl Stars Products | |
|---|---|---|
| **Defendant's Website** | Any and all fully interactive website held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that it operates to communicate with consumers regarding its Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendant's website located at www.clashofclansmerch.com along with the domain name associated therewith | N/A |
| **Infringing Domain Name** | www.clashofclansmerch.com | N/A |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's Website (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Apple Inc. payment services (e.g. Apple Pay) and Visa Inc. ("Visa") | N/A |
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's Counterfeit Products and and/or Defendant's Website, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts, such as Cloudflare, Inc. ("Cloudflare"), domain name registrars, such as NameCheap, Inc. ("NameCheap") and domain name registries | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on November 24, 2025 | TBD |
| **Nastasi Aff.** | Affidavit of Gabriela N. Nastasi in further Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendant for Defaulting Defendant's trademark counterfeiting, trademark infringement, copyright infringement, false designation of origin, passing off and unfair competition and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defaulting Defendant's willful counterfeiting and infringement of the Supercell IP.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendant's Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendant in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED that this case will be referred to the assigned magistrate Judge, Magistrate Judge Gary Stein, for an inquest on damages.

## III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert and

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

participation with or under the direction of Defaulting Defendant, who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Supercell IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Supercell IP;

B. directly or indirectly infringing in any manner Plaintiff's Supercell IP;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Supercell IP to identify any goods or services not authorized by Plaintiff;

D. using Plaintiff's Supercell IP and/or any other marks that are confusingly similar to the Supercell Mark, Clash of Clans Marks and/or Brawl Stars Marks and/or any other artwork that is substantially similar to the Clash of Clans Works and/or Brawl Stars Works, on or in connection with Defaulting Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

2

Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities and Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products

G. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

H. linking, transferring, selling and/or operating Defendant's Website;

I. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Supercell IP, or any colorable imitation thereof, including the Infringing Domain Name; and

J. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A)-(I) above, III(3)(A)-(B), and III(4)(A)-(B) below.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of

3

Defaulting Defendant that infringe any of Plaintiff's trademarks or other rights including, without limitation, the Supercell IP, or bear any marks that are confusingly similar to the Supercell IP pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendant's Assets from or to Defaulting Defendant's Financial Accounts

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendant's Assets and Defaulting Defendant's Financial Accounts; and

   C. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A)-(I) above, III(3)(A)-(B) and III(4)(A)-(B) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with Defaulting Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendant, including, without limitation, those relating to the continued operation of Defaulting Defendant's Website;

   B. permitting the transfer, sale and/or assignment of Defaulting Defendant's Website; and

4

C. knowingly instructing, aiding or abetting Defaulting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A)-(I), III(3)(A)-(B) and III(4)(A)-(B) above.

### IV. Order Transferring Infringing Domain Names

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defendant's Infringing Domain Name is hereby ordered to be immediately transferred by Defaulting Defendant to Plaintiff. To the extent the Defaulting Defendant does not facilitate the transfer of the Infringing Domain Name to Plaintiff's control within five (5) days of receipt of this Order, the Third Party Service Providers shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Name to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Name to Plaintiff; and

2) IT IS FURTHER ORDERED that should Plaintiff discover any new and/or additional domain names associated with Defaulting Defendant and/or Defendant's Website, and using or incorporating the Supercell IP or any colorable imitation thereof ("Additional Infringing Domain Name(s)"), upon Plaintiff's request, the Third Party Service Providers shall, within thirty (30) days of Plaintiff's request, change the registrar(s) of record for the Additional Infringing Domain Name(s) to a registrar of Plaintiff's choosing, thereby transferring the Additional Infringing Domain Name(s) to Plaintiff.

### V. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI.    Miscellaneous Relief

1) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165;

3) As articulated above, this matter will be referred to the assigned Magistrate Judge for an inquest on damages; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Dated:      March 13, 2026
           New York, New York

_____
Vernon S. Broderick
United States District Judge

6